IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KIMBERLY LUPARDUS

          Plaintiff,

v.                                     CIVIL ACTION NO. 2:06-cv-00661

THE UNITED STATES OF AMERICA
DEPARTMENT OF LABOR,

          Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court are the plaintiff's Motion for Final Review of Agency Action [Docket 15] and the defendant's Motion for Summary Judgment [Docket 12]. The court heard oral arguments on these motions on January 29, 2007. For the following reasons and for reasons stated on the record the plaintiff's motion is **DENIED** and the defendant's motion is **GRANTED**.

**I.  Background**

On November 20, 2004, Kevin Lupardus was operating an excavator in Pit 42 of the Red Surface Mine near Clothier, Boone County, West Virginia. At 2 a.m. Mr. Lupardus was loading spoil into a truck when rocks began to fall out of the highwall. The highwall collapsed, causing rocks to cover the cab of Mr. Lupardus' truck. Mr. Lupardus died shortly after the wall collapsed.

At 2:55 a.m. the Mine Safety and Health Association (MSHA) field office in Madison, West Virginia was notified of the accident and MSHA investigators were dispatched to the mine. Mr.

Slaughter was the main investigator. MSHA concluded that "subsidence resulting from the second mining of the abandoned underground mine caused the highwall to be unstable."  MSHA issued a 104(d)(1) Order to Endurance Mining for a violation of 30 CFR § 77.1006(a) stating that Mr. Lupardus was working fifteen feet from a dangerous and unstable highwall.

On July 11, 2006, the plaintiff issued a subpoena for Mr. Slaughter's testimony.  The subpoena was withdrawn on August 3, 2006, and on August 4, 2006, the request for his testimony was renewed. On July 19, 2006, the plaintiff filed a wrongful death action in Boone County and received a redacted copy of the MSHA report, pursuant to a Freedom of Information Act (FOIA) request.

On August 11, 2006, the Department of Labor (DOL) denied the request to allow Mr. Slaughter to testify. The present action to review the agency decision was filed on August 25, 2006.

## II.    Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256.

Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

A party challenging an agency's denial of a subpoena or request for testimony may proceed under the Administrative Procedure Act (APA). *See* 5 U.S.C. § 702. The court reviews the agency's decision not to permit its employee to testify under the arbitrary and capricious standard of 5 U.S.C. § 706(2)(A). *See Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). The plaintiff must show that the DOL acted arbitrarily and capriciously in not waiving the prohibition on Mr. Slaughter's testimony in the wrongful death action.

Under the arbitrary and capricious standard, "a reviewing court may not set aside an agency rule that is rational, based on consideration of the relevant factors and within the scope of the authority delegated to the agency by statute." *Motor Vehicles Mfrs. Ass'n Inc v. State Farm Mut. Ins. Co.*, 463 U.S. 29, 43 (1983). "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency. Nevertheless, the agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Id.*

The Supreme Court has set forth the following factors relevant to this review: Normally an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so

implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Id.*

## III. Analysis

In this case the plaintiff challenges the application of DOL regulation 29 C.F.R. Part 2, Subpart C, which prohibits employees from testifying in private suits, unless the appropriate Deputy Solicitor of Labor waives the prohibition. Section 2.22 provides, in pertinent part:

> No employee or former employee of the Department of Labor shall, in response to a demand of a court or other authority, produce any material contained in the files of the Department, or disclose any information relating to material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of his official duties or because of his official status without approval of the appropriate Deputy Solicitor of Labor.

The DOL in making its decision must apply a balancing test weighing public policy concerns against the concerns of the plaintiff. The public policy concerns of the government are: (1) centralizing the dissemination of information by restricting investigators' statements regarding DOL policy; (2) minimizing governmental involvement in controversial matters unrelated to official business; and (3) avoiding the expenditure of government time and money for private purposes. *See Baker v. United States Dept. of Labor*, 31 F. Supp. 2d 985, 987 (S.D. Fla. 1998). To overcome these public policy concerns the plaintiff must establish that: (1) the information sought is both relevant and essential to the underlying case; (2) there are no reasonable alternative means for acquiring the information sought; and (3) a significant injustice would ensue if the desired testimony was not made available. *See Kauffman v. United States Dept of Labor*, No. Civ. A. 96-5929, 1997 WL 825244, *3 (E.D. Pa. Dec. 19, 1997).

The DOL applied this balancing test after reviewing the administrative record and found that the public policy concerns outweighed the plaintiff's interest in acquiring the testimony. It found that the plaintiff did not establish that the information is essential to the underlying case, nor did the plaintiff establish that there are no reasonable alternative means for acquiring the information sought, or that a significant injustice would ensue if the desired testimony was not made available.

I review the agency decision to determine whether it was arbitrary or capricious. I **FIND** that it was not. The DOL reviewed the relevant factors and balanced the policy concerns against the plaintiff's needs. Its decision was not arbitrary and capricious.

In my application of the balancing test, I **FIND** that the plaintiff has not met its burden of proving that the information sought is essential to the underlying action. The plaintiff has established that Mr. Slaughter's testimony is relevant to its underlying case. The plaintiff has also established that his testimony would buttress its case. The plaintiff has not, however, proven that the testimony is essential to its case.

The information the plaintiff seeks to obtain from Mr. Slaughter is already available to the plaintiff and admissible in the underlying case. The MSHA report contains the conclusions that the highwall was unsafe. The plaintiff concedes that the information Mr. Slaughter would provide about the accident is contained in the report. The MSHA report is admissible in court as a business record under West Virginia Rule of Evidence 803(8).

The plaintiff also contends that the mining company withheld information from MSHA during its investigation. She points to testimony given during the investigation by Mr. Hale, a senior mine employee, where she asserts he attempts to mislead Mr. Slaughter.

Mr. Hale allegedly disavows knowledge of the state of the highwalls in contradiction to his notes of a month before the accident.  Again, Mr. Slaughter's testimony is not essential to proving these allegations as the plaintiffs have both Mr. Hale's notes and the transcript of the interview.

The DOL reviewed the administrative record before it and properly applied the balancing test, looking at all relevant factors.  I cannot find that this decision was arbitrary and capricious.  The plaintiff has not shown that the testimony is essential to her claim, which is necessary to overcome the public policy interests of the government.  Therefore I **DENY** the plaintiff's motion to overturn the final agency action of the DOL and **GRANT** the government's motion for summary judgment.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        July 26, 2007

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE